KASOWITZ, BENSON, TORRES
 & FRIEDMAN LLP
Daniel P. Goldberg
Kristina R. Juntunen
David D. Holahan
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Defendant*
 *Eurofins Scientific S.E*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SPIN MASTER LTD. and SPIN MASTER, INC.,                 :

              Plaintiffs,                              :        Civ No.: 08 CV 0923
                                                                                                   (RJA) (HKS)
   - against -                                                        :

BUREAU VERITAS S.A., BUREAU VERITAS                     :
CONSUMER PRODUCTS SERVS., INC., EUROFINS  :
SCIENTIFIC S.A. and EUROFINS PRODUCT               :
SAFETY LABS,                                                                      :

              Defendants.                             :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**EUROFINS SCIENTIFIC S.E.'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO DISMISS THE PLAINTIFFS' COMPLAINT
<u>PURSUANT TO RULES 12(b)(2) AND 12(b)(6)</u>**

## **TABLE OF CONTENTS**

|  | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| PRELIMINARY STATEMENT | 1 |
| SUMMARY OF FACTUAL ALLEGATIONS | 1 |
| ARGUMENT | 2 |
|     I. ESSE IS NOT SUBJECT TO JURISDICTION | 2 |
|         A. There is No Basis For Jurisdiction Over ESSE Under New York Law | 3 |
|             1. There Is No General Jurisdiction Under CPLR 301 | 3 |
|             2. There Is No Specific Jurisdiction Under CPLR 302 | 5 |
|         B. ESSE Lacks Sufficient Minimum Contacts With This Forum | 6 |
|     II. THE COMPLAINT FAILS TO STATE A CLAIM AGAINST ESSE | 8 |
|         A. There Are No Allegations Of Direct Action By ESSE | 9 |
|         B. The Complaint Pleads No Basis To Disregard ESSE's Separateness | 10 |
|             1. Spin Master Fails To Plead A Basis For Alter-ego Liability | 11 |
|             2. Spin Master Fails To Plead A Basis For Piercing The Corporate Veil | 11 |
|     III. THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT | 13 |
| CONCLUSION | 13 |

**TABLE OF AUTHORITIES**

**Cases**                                                                                                                  **Page**

@Wireless Enters., Inc. v. AI Consult, LLC,
Civ. No. 05-CV-6176 CJS(P), 2006 U.S. Dist. LEXIS 79874 (W.D.N.Y. Oct. 30, 2006) ............ 10

Accessory Corp. v. Spotless Plastics Pty. Ltd.,
05 Civ. 2185 (NRB), 2007 U.S. Dist. LEXIS 66245 (S.D.N.Y. Sept. 7, 2007) .......................... 5

Apace Communs., Ltd. v. Burke, 522 F. Supp. 2d 512 (W.D.N.Y. 2007) ................................ 12

Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102 (1987) .......................................... 7, 8

Atuahene v. City of Hartford, 10 Fed. Appx. 33 (2d Cir. 2001) ............................................. 9

Ball v. Metallurgie Hoboken-Overpelt, 902 F.2d 194 (2d Cir. 1990) ..................................... 3

Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) ............................................................ 9

Bell v. Manhattan Motorcars, Inc., 06 CV 4972 (GBD),
2008 U.S. Dist. LEXIS 58648 (S.D.N.Y. Aug. 4, 2008) ...................................................... 12

Benjamin Sheridan Corp. v. Benjamin Air Rifle Co.,
827 F. Supp. 171 (W.D.N.Y. 1993) .................................................................................. 6

Bensusan Rest. Corp. v. King, 126 F.3d 25 (2d Cir. 1997) ................................................... 3

Cenage Learning, Inc. v. Buckeye Books,
531 F. Supp. 2d 596 (S.D.N.Y. 2008) .............................................................................. 4

Christensen v. SBM Indus., Inc., 9 Fed. Appx. 52 (2d Cir. 2001) ........................................ 12

CutCo Indus., Inc. v. Naughton, 806 F.2d 361 (2d Cir. 1986) ............................................. 2

DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65 (2d Cir. 1996) .............................. 10, 11, 12

Diario El Pais, S.L. v. Nielsen Co., Civ. No. 07CV11295(HB),
2008 U.S. Dist. LEXIS 92987 (S.D.N.Y. Nov. 6, 2008) ...................................................... 9

In re Currency Conversion Fee Antitrust Litig,
265 F. Supp. 2d 385 (S.D.N.Y. 2003) ........................................................................ 10, 11

Int'l Shoe Co. v. State of Wash., 326 U.S. 310 (1945) ..................................................... 3, 7

Ivoclar Vivadent, Inc. v. Ultident, Inc., Civ. No. 04-CV-984,
2005 WL 1421805 (W.D.N.Y. June 15, 2005) .................................................................. 5

Kingdom 5-KR-41, Ltd. v. Star Cruises PLC,
Civ. No. 01 Civ. 2946 (AGS), 2002 U.S. Dist. LEXIS 4636 (S.D.N.Y. Mar. 20, 2002) .............. 10

LaMarca v. Pak-Mor Manuf. Co., 95 N.Y.2d 210 (N.Y. 2000) ................................................ 7

Lenahan Law Offices, LLC v. Hibbs, No. 04-CV-6376 (CJS),
2004 U.S. Dist. LEXIS 30528 (W.D.N.Y. Dec. 22, 2004) ..................................................... 7

Marine Midland Bank, N.A. v. Miller, 664 F.2d 899 (2d Cir. 1981) ................................... 2, 4

Medina v. Bauer, No. Civ. 02 Civ. 8837 (DC),
2004 U.S. Dist. LEXIS 910 (S.D.N.Y. Jan. 26, 2004) .......................................................... 9

Metro. Life Ins. Co. v. Robertson-Coco Corp., 84 F.3d 560 (2d Cir. 1996) ......................... 7, 8

Money Line, Inc. v. Cunningham, 80 A.D.2d 60 (4th Dep't 1981) ........................................ 8

Nat'l Sun Indus. v. Dakahlia Commer. Bank, Civ. No. 95-7961,
1997 U.S. App. LEXIS 9662 (2d Cir. May 2, 1997) ......................................................... 3, 5

Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris, Civ. No. 03 Civ, 1681
(LAP), 2004 U.S. Dist. LEXIS 19614 (S.D.N.Y. Sept. 29, 2004) ..................................... 3, 5, 8

Novak v. Scarborough Alliance Corp., 481 F. Supp. 2d 289 (S.D.N.Y. 2007) ....................... 12

Old Repub. Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361 (S.D.N.Y. 1997) .......... 11

Oxair Ltd. v. Tenn. Valley Auth., Civ. No. 98-CV-0478E(H),
1999 U.S. Dist. Lexis 9300 (W.D.N.Y. June 8, 1999) ......................................................... 5

Pro-Fac Coop., Inc. v. Alpha Nursery, Inc., 205 F. Supp. 2d 90 (W.D.N.Y. 2002) ................... 2

Rollins v. People's Bank Corp., No. 03 Civ. 7930 (GBD),
2004 U.S. Dist. LEXIS 24016 (S.D.N.Y. Nov. 29, 2004) ...................................................... 7

Saudi v. Marine Atl., Ltd., Civ. No. 07-0024-cv,
2009 U.S. App. LEXIS 530 (2d Cir. Jan. 13, 2009) ............................................................. 4

Siverls-Dunham v. Huen Lee, No. Civ. 05 Civ. 7518 (PKC),
2006 U.S. Dist. LEXIS 82927 (S.D.N.Y. Nov. 13, 2006) ...................................................... 3

United Feature Synd., Inc. v. Miller Features Synd., Inc.,
216 F. Supp. 2d 198 (S.D.N.Y. 2002) .............................................................................. 11

Wiwa v. Royal Dutch Petrol. Co., 226 F.3d 88 (2d Cir. 2000) .......................................................... 3

World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ................................................. 3

**Statutes**

Federal Rules of Civil Procedure 12(b) ..................................................................................*Passim*

CPLR 301 ................................................................................................................................ 3, 4, 5

CPLR 302(a)(1). ...................................................................................................................... 3, 5, 6

Defendant Eurofins Scientific, S.E. improperly designated Eurofins Scientific, S.A. ("ESSE"), respectfully submits this memorandum of law in support of its motion, pursuant to Rules 12(b)(2) and (6) of the Federal Rules of Civil Procedure, to dismiss the complaint in the above captioned action (Juntunen Decl. at Ex. A, "Complaint").

## PRELIMINARY STATEMENT

ESSE needs to be dismissed for two reasons. First, ESSE is not subject to suit in New York. There are no allegations of jurisdiction whatever as to ESSE, and as the accompanying declaration makes plain, ESSE strictly is a French holding company that does no business in New York and lacks sufficient contacts with New York to permit the exercise of jurisdiction here. Second, there are no substantive allegations against ESSE, and as a result the claims against ESSE must be dismissed for failure to state a claim upon which relief may be granted. The only references to ESSE are in two paragraphs stating in conclusory fashion that ESSE should be held liable for the alleged wrongs of one of its subsidiaries, Defendant Eurofins Product Safety Labs. Inc. (defined by Plaintiffs as "Eurofins PSL"). The allegations are insufficient to make out a veil-piercing claim even under the most generous pleading standards.

## SUMMARY OF FACTUAL ALLEGATIONS

This case derives from a product defect in one of Plaintiffs Spin Master, Inc.'s and Spin Master Ltd.'s (together, "Spin Master") toy products, Aqua Dots. In sum, it is alleged that Aqua Dots contained a "date rape" drug so that if children put the product in their mouths, they would enter a comatose state. (Complaint ¶ 1) As a result, Spin Master was subject to numerous product liability lawsuits by consumers. In this action, Spin Master seeks to blame others for its

own product defect. As relevant here, it asserts claims against testing labs that are alleged to have tested Aqua Dots for various safety requirements. (Complaint ¶¶ 12, 13, 14, 15)

As to ESSE, it is mentioned only twice in the complaint. First, Spin Master identifies ESSE as a party. (Complaint ¶ 7) Second, Spin Master alleges that ESSE and Eurofins PSL are part of a corporate "group." (Complaint ¶ 8) There is not a single allegation of any kind at all, not a word, supporting the contention that ESSE's corporate veil should be pierced, save that ESSE and Eurofins PSL are in fact corporate relatives and ESSE's website reflects the things its subsidiaries can do for their clients. These minimal allegations are insufficient. Spin Master does not even bother to allege that the Court should pierce ESSE's veil, and instead just creates from whole cloth a defined term to include both ESSE and Eurofins PSL, the entity that is alleged to have conducted the test at issue. (Complaint ¶¶ 8 and 16) Likewise, there are no allegations that ESSE has any contacts with New York or that it otherwise is subject to jurisdiction here.

## ARGUMENT

### I.

### ESSE IS NOT SUBJECT TO JURISDICTION

"[T]he plaintiff bears the burden of establishing that the court has jurisdiction over the defendant" and must therefore make a "prima facie showing by its pleadings and affidavits that jurisdiction exists." CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). See Pro-Fac Coop., Inc. v. Alpha Nursery, Inc., 205 F. Supp. 2d 90, 95-96 (W.D.N.Y. 2002) ("the plaintiff bears the burden of proving jurisdiction over [the] defendant ....") (citing Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).

2

On motions to dismiss for lack of jurisdiction, a district court sitting in diversity must apply a two-part analysis. First, the court must "look to the law of the forum state, here New York, to determine whether there is jurisdiction over the defendant." Siverls-Dunham v. Huen Lee, No. Civ. 05 Civ. 7518 (PKC), 2006 U.S. Dist. LEXIS 82927, at *13-14 (S.D.N.Y. Nov. 13, 2006). Second, the court must decide whether the exercise of jurisdiction under state law comports with due process. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291-92 (1980); Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945); Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997).

A.   There is No Basis For Jurisdiction Over ESSE Under New York Law

Under New York law, the jurisdictional analysis contemplates whether there is general jurisdiction under CPLR 301, or specific jurisdiction under New York's long arm statute, CPLR 302. See Northrop Grumman Overseas Serv. Corp. v. Banco Wiese Sudameris, Civ. No. 03 Civ, 1681 (LAP), 2004 U.S. Dist. LEXIS 19614, at *18 (S.D.N.Y. Sept. 29, 2004). Here, there is no such jurisdiction.

1.   There Is No General Jurisdiction Under CPLR 301

A non-domiciliary is subject to general jurisdiction under CPLR 301 on the basis of "doing business" only "if the defendant's 'continuous and systematic course of 'doing business' [in New York] ... warrant a finding of its 'presence' in the jurisdiction.'" Nat'l Sun Indus. v. Dakahlia Commer. Bank, Civ. No. 95-7961, 1997 U.S. App. LEXIS 9662, at *3 (2d Cir. May 2, 1997) quoting Ball v. Metallurgie Hoboken-Overpelt, 902 F.2d 194, 198 (2d Cir. 1990). Where a foreign defendant merely conducts business activities within the forum state "occasionally or casually," CPLR 301 is inapplicable. Wiwa v. Royal Dutch Petrol. Co., 226 F.3d 88, 95 (2d Cir.

3

2000). A foreign defendant must conduct business within the state with "a fair measure of permanence and continuity" to subject itself to personal jurisdiction under CPLR 301. Id.

Courts consider the following factors in deciding whether a defendant is "doing business" in New York for purposes of CPLR 301: "(1) the existence of an office in New York, (2) the solicitation of business in the state, (3) the presence of bank accounts and other property in the state, and (4) the presence of employees of the foreign defendant in the state." Saudi v. Marine Atl., Ltd., Civ. No. 07-0024-cv, 2009 U.S. App. LEXIS 530, at *5 (2d Cir. Jan. 13, 2009).

Spin Master fails to allege any of these elements. Indeed, they cannot. ESSE is a French corporation with its principal place of business in France. (Declaration of Hugues Vaussy, dated March 2, 2009 ("Vaussy Decl.") ¶ 2) It does not own any personal property or assets that are located in New York, it has no offices in New York, it does not maintain a bank account or own or lease any property in New York, and it does not have any employees, officers or directors located within the state. (Vaussy Decl. ¶ 6) ESSE has not engaged in business in New York, or derived revenue from any such activities in New York. Rather, it is a publicly-held holding company that engages in no business activities other than buying and managing operating subsidiaries. (Vaussy Decl. ¶ 4) Finally, ESSE never has been involved in or contemplated initiating any litigation or other legal proceedings in New York State, and does not expect its acts to have consequences in the State. (Vaussy Decl. ¶ 8)[1]

---

[1] To the extent Spin Master tries to use its allegations against Eurofins PSL to establish jurisdiction over ESSE by use of the expedient defined term "Eurofins," such a practice is not sufficient for jurisdiction. See Cenage Learning, Inc. v. Buckeye Books, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the 'defendants' together for purposes of alleging connections to New York is, however, patently insufficient. Buckeye, UBX, TRU and Smyres are separate entities and are presumptively entitled to have independent existence -- which means that plaintiffs must either establish a basis for subjecting each of them, individually, to the jurisdiction of this Court, or must satisfy the Court that TRU's jurisdictional contacts can be attributed to its affiliates under the 'mere department' rule.") (internal citations omitted).

4

Courts routinely have rejected claims of general jurisdiction under CPLR 301 on similar or even stronger showings than those present here. See Nat'l Sun Indus., 1997 U.S. App. LEXIS 9662, at *3 (no jurisdiction under CPLR 301 where defendant merely maintained an active bank account in New York); Northrop Grumman Overseas Serv. Corp., 2004 U.S. Dist. LEXIS at *29 (no jurisdiction absent any allegations that defendant solicited business, maintained a phone listing, owned property or was licensed to do business in New York); Accessory Corp. v. Spotless Plastics Pty. Ltd., 05 Civ. 2185 (NRB), 2007 U.S. Dist. LEXIS 66245 at *14 (S.D.N.Y. Sept. 7, 2007) (maintenance of a passive website accessible in New York insufficient for 301 jurisdiction).

### 2. There Is No Specific Jurisdiction Under CPLR 302

New York's long arm statute, CPLR 302, delineates the circumstances where a court in New York can exercise specific jurisdiction over a non-domiciliary: (i) contracts by the non-domiciliary defendant "to supply goods and services in New York;" (ii) commission by the non-domiciliary defendant of "tortious or unlawful acts within New York;" (iii) commission by the non-domiciliary defendant of "tortious or unlawful acts outside New York causing injury to person or property in New York;" or (iv) possession by the non-domiciliary defendant of real property in New York.

There must also be a nexus between the jurisdictional contact and the claim at issue. Ivoclar Vivadent, Inc. v. Ultident, Inc., Civ. No. 04-CV-984, 2005 WL 1421805, at *4 (W.D.N.Y. June 15, 2005) (for tortious act outside of New York with effects in New York prong, among other things, the contacts with New York must relate to the claim); Oxair Ltd. v. Tenn. Valley Auth., Civ. No. 98-CV-0478E(H), 1999 U.S. Dist. Lexis 9300, at *2-3 (W.D.N.Y. June 8, 1999) ("for a court to exercise jurisdiction under CPLR § 302(a)(1), the claim must arise from

5

the transaction of business within the state") (internal quotations omitted); <u>Benjamin Sheridan Corp. v. Benjamin Air Rifle Co.</u>, 827 F. Supp. 171, 175 (W.D.N.Y. 1993) (there must be "some articulable nexus between the business transacted and the cause of action sued upon").

Spin Master does not even make an effort to allege any facts to satisfy any component of CPLR 302. Regardless, the evidence submitted by ESSE, as well as the facial allegations of the complaint, make plain that CPLR 302 does not apply. ESSE does not own or lease any property in New York, it has not entered into contracts to supply goods or services in New York, and none of the performance ESSE is alleged to be responsible for occurred in New York. (Vaussy Decl. ¶¶ 3, 4, 6) Spin Master alleges no tortious act by ESSE that was either committed in New York, or the consequences of which was felt in New York. Even assuming that ESSE could be held responsible for the activities of Eurofins PSL and the testing report at issue (which it cannot), Spin Master actually alleges that Eurofins PSL's labs are in Iowa and New Jersey (<u>not</u> New York), the test at issue was performed in New Jersey (<u>not</u> New York), that Spin Master is located in Canada and California so no financial harm to it would be felt in New York, and that Eurofins PSL did not even contract with Spin Master and instead rendered performance only to Bureau Veritas, another French entity, who wrote its own distinct report to Spin Master. (Complaint ¶¶ 3, 4, 5, 8, 13, 15) Spin Master cannot even allege that Eurofins PSL knew Spin Master was the ultimate client, so it necessarily had no idea where its work would be used. (<u>See</u> Complaint ¶ 13)

B.   <u>ESSE Lacks Sufficient Minimum Contacts With This Forum</u>

Because New York's long arm statute does not apply, that is the end of the jurisdictional inquiry. Nevertheless, even if there is some basis for jurisdiction under New York law (which there is not), there still could be no jurisdiction under the second prong of the jurisdictional test which requires Spin Master to establish that ESSE has certain "minimum contacts" with the

6

forum state such that the maintenance of the suit "'comports with traditional notions of fair play and substantial justice...'" Lenahan Law Offices, LLC v. Hibbs, No. 04-CV-6376 (CJS), 2004 U.S. Dist. LEXIS 30528, at *6 (W.D.N.Y. Dec. 22, 2004) (citing Metro. Life v. Robertson-Ceco Corp., 84 F.3d 560 at 568 (2d Cir. 1996) (quoting Intl Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154, 90 L. Ed. 95 (1945)). Minimum contacts exist where a "'defendant's conduct and connection with the forum State are such that it should reasonably anticipate being haled into court there.'" Rollins v. People's Bank Corp., No. 03 Civ. 7930 (GBD), 2004 U.S. Dist. LEXIS 24016, at 17 (S.D.N.Y. Nov. 29, 2004) (quoting LaMarca v. Pak-Mor Manuf. Co., 95 N.Y.2d 210, 735 N.E.2d 883, 887, 713 N.Y.S.2d 304 (N.Y. 2000). The defendant must have "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Asahi Metal Indus. Co. v. Superior Court, 480 U.S. 102, 109 (1987).

Spin Master fails to allege any facts supporting the constitutional minimum contacts requirements for personal jurisdiction. As discussed *supra*, Spin Master has not alleged that ESSE has had *any* contact with New York or that it has purposely availed itself of the privileges of conducting business in New York. To the contrary, ESSE has never been qualified, authorized, registered or licensed to conduct business in New York. It has never instituted an action here, it does no business here, and it holds no property here. In short, it has done nothing to manifest a purposeful availment of the laws or protections of New York. (See Vaussy Decl. ¶¶ 3-9)

Furthermore, in order to establish that jurisdiction comports with substantial justice requirements, Spin Master also must establish that its claims arise out of ESSE's activities in this forum and that the acts have a substantial enough connection with this forum to make the

7

exercise of jurisdiction reasonable. Metro. Life Ins. Co. v. Robertson-Coco Corp., 84 F.3d 560, 568 (2d Cir. 1996); Money Line, Inc. v. Cunningham, 80 A.D.2d 60, 62 (4th Dep't 1981) (enumerating factors considered). As noted above, nothing about the claims here are alleged to arise out of ESSE's conduct in New York. See supra at pp. 6-7.

Finally, jurisdiction over ESSE here would violate "traditional notions of fair play and substantial justice" under the applicable standards. First, considering that ESSE has no offices, personnel, assets or any other connections to New York (and in particular this district), ESSE would bear a heavy burden if it were required to defend this action here. See Asahi, 480 U.S. at 114 (courts must give "significant weight" to the "unique burdens placed upon one who must defend oneself in a foreign legal system"). Second, New York has little interest in adjudicating this case as neither Spin Master nor ESSE are New York corporations, and neither even have any offices or operations in New York. See (Complaint ¶¶ 3-4, 7-8); Northrop Grumman Overseas Serv. Corp., 2004 U.S. Dist. LEXIS at *56 (where plaintiff is not a New York corporation, "New York has little interest in adjudicating [the] dispute"); see also Metro. Life Ins. Co., 84 F.3d at 568 (where plaintiff's showing with respect to actual contacts with the forum state is weak, reasonableness analysis is unlikely to support jurisdiction).

II.

## THE COMPLAINT FAILS TO STATE A CLAIM AGAINST ESSE

The fundamental problem with the complaint, substantively, with respect to ESSE is that Spin Master fails to allege any conduct by ESSE directly. Instead, it tries to attribute to ESSE conduct allegedly engaged in by Eurofins PSL. The complaint is unclear about the legal basis upon which it attempts to do so, but in all events it is insufficient. Under Rule 12(b)(6), a complaint must be dismissed where plaintiff fails to plead "factual allegations [sufficient] to

8

raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). Spin Master has failed to meet that standard.

A.  There Are No Allegations Of Direct Action By ESSE

On the face of the complaint, Spin Master does not articulate any conduct by ESSE individually. Instead, it lumps ESSE and Eurofins PSL together by use of the defined term "Eurofins," and then attributes all conduct by Eurofins PSL to both entities. (See, e.g., Complaint ¶¶ 8, 10, 14, 15, 16) This form of "lumping" or "grouping" is not a proper basis to keep an entity in a lawsuit, in fact it warrants dismissal, and the Second Circuit has decried such a pleading practice:

> Although Fed. R. Civ. P. 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests. By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, Atuahene's complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws. Consequently, the district court did not abuse its discretion in dismissing the complaint.

Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (internal quotations and citations omitted); see Diario El Pais, S.L. v. Nielsen Co., Civ. No. 07CV11295(HB), 2008 U.S. Dist. LEXIS 92987, 15 (S.D.N.Y. Nov. 6, 2008) ("Plaintiffs also attempt to blur the distinction between the corporate identities of Netratings and Defendant, but Plaintiffs have not pled allegations sufficient to 'pierce the corporate veil.'"); Medina v. Bauer, No. Civ. 02 Civ. 8837 (DC), 2004 U.S. Dist. LEXIS 910 at *18 (S.D.N.Y. Jan. 26, 2004) ("By lumping all the defendants together and failing to distinguish their conduct, plaintiff's amended complaint fails to satisfy the requirements of Rule 8. Specifically, the allegations fail to give adequate notice to these defendants as to what they did wrong. Accordingly, defendants' motion to dismiss the amended complaint for failure to state any valid claims as against Matthew Fischer, Magnetic

9

Snap, and Lanfran Realty is granted.") Twombly, 127 S. Ct. at 1965 (2007) (To survive a motion to dismiss, a complainant must plead "factual allegations [sufficient] to raise the right to relief above a speculative level.") (internal quotations omitted).

B.  The Complaint Pleads No Basis To Disregard ESSE's Separateness

Related corporations enjoy a presumption of legal separateness. DeJesus v. Sears, Roebuck & Co., Inc., 87 F.3d 65, 70 (2d Cir. 1996) (to overcome "the presumption of separateness afforded to related corporations, Plaintiffs must come forward with the showing of actual domination required to pierce the corporate veil"). Mere conclusory allegations that a parent dominates or controls its subsidiary are insufficient to rebut this presumption, whether through a veil-piercing or alter-ego theory. @Wireless Enters., Inc. v. AI Consult, LLC, Civ. No. 05-CV-6176 CJS(P), 2006 U.S. Dist. LEXIS 79874, at *17-20 (W.D.N.Y. Oct. 30, 2006) (alter-ego claims dismissed because conclusory allegations of control were insufficient); In re Currency Conversion Fee Antitrust Litig, 265 F. Supp. 2d 385, 425-427 (S.D.N.Y. 2003) (dismissing veil-piercing claim under Rules 8(a) and 12(b)(6) where complaint contained only conclusory allegations of control); Kingdom 5-KR-41, Ltd. v. Star Cruises PLC, Civ. No. 01 Civ. 2946 (AGS) 2002 U.S. Dist. LEXIS 4636, at *37-39 (S.D.N.Y. Mar. 20, 2002) (same).

Spin Master has failed to plead or identify a theory under which the presumption of corporate separateness between ESSE and Eurofins PSL should be disregarded. In any event, the complaint is insufficient for any recognized basis.[2]

---

[2] There is much overlap in the cases about "piercing the corporate veil" and "alter-ego liability," both in terms of elements and analysis. ESSE addresses both concepts separately because some cases do so.

10

1.  Spin Master Fails To Plead A Basis For Alter-ego Liability

To assert a claim for alter-ego liability against a parent for actions taken by its subsidiary, a party must plead that the parent: 1) exercises complete domination over the subsidiary, and 2) used its position of domination to commit fraud or another wrong. Old Repub. Ins. Co. v. Hansa World Cargo Serv., Inc., 170 F.R.D. 361, 374-375 (S.D.N.Y. 1997) (dismissing alter-ego claims where complaint failed to allege which company was the parent company and failed to describe how one entity dominated or controlled the other). It is well established that "purely conclusory allegations cannot suffice to state a claim based on ... alter-ego liability." In re Currency Conversion Fee Antitrust Litig., 265 F. Supp. 2d 385, 426 (S.D.N.Y. 2003).

Here, Spin Master does not allege anything indicating complete dominance by ESSE over Eurofins PSL, or that such dominance was used to commit a fraud or other comparable wrong. It appears Spin Master's entire basis for suing ESSE is the mere fact that ESSE is Eurofins PSL's corporate parent and ESSE's website indicates that its family of companies can satisfy their clients' needs. (Complaint ¶¶ 7-8) That simply is not enough. See DeJesus, 87 F.3d at 69 ("a corporate relationship alone is not sufficient to bind a parent corporation for the actions of its subsidiary .... Actual domination, rather than the opportunity to exercise control, must be shown") (internal quotations omitted).

2.  Spin Master Fails to Plead A Basis for Piercing The Corporate Veil

In order to pierce the corporate veil between related corporations, specific facts must be alleged that the indirect actor: 1) actually disregarded corporate formalities; and 2) this disregard contributed to the direct actor's alleged misconduct. United Feature Synd., Inc. v. Miller Features Synd., Inc., 216 F. Supp. 2d 198, 222-224 (S.D.N.Y. 2002) (dismissing veil-piercing cause which asserted in conclusory fashion that the parent failed to observe corporate formalities

11

and the owners "prompted, induced, supervised and/or materially contributed to that corporation's allegedly wrongful acts" without alleging specific facts supporting these allegations) (internal quotations omitted); see also Christensen v. SBM Indus., Inc., 9 Fed. Appx. 52, 53 (2d Cir. 2001) ("[a] party seeking to pierce the corporate veil bears a heavy burden of demonstrating complete domination by the parent and that such domination was the instrument of fraud or otherwise resulted in inequitable consequences.") (internal quotation omitted)

As noted already, Spin Master's pleading is bare on the point of veil-piercing, it contains no allegations that ESSE disregarded the corporate form of Eurofins PSL, and no allegations that such disregard contributed to the harm allegedly suffered by Spin Master. Further, not only does the complaint fail to allege any facts *supporting* such contentions, but the complaint does not even *make* the contentions at all, even in conclusory fashion. This is insufficient to sustain a claim against ESSE here. See DeJesus, 87 F.3d at 69-70 (dismissing veil-piercing claims where no officials or employees of the parent company were alleged to have participated in the scheme); Bell v. Manhattan Motorcars, Inc., 06 CV 4972 (GBD), 2008 U.S. Dist. LEXIS 58648, 13-14 (S.D.N.Y. Aug. 4, 2008) ("The amended complaint makes no allegation that the individuals exerted the requisite dominion over the corporation to warrant piercing the corporate veil. Plaintiff's pleadings against the individual defendants are insufficient and must be dismissed."); Apace Communs., Ltd. v. Burke, 522 F. Supp. 2d 512, 521-522 (W.D.N.Y. 2007) ("That defendants allegedly came up with and executed a plan to transfer NetSetGo's assets to a new company, Cephire, and thereby left Apace with no recourse to recover any of its investments in, or loans to, NetSetGo, does not demonstrate that defendants treated NetSetGo as their alter-ego. This claim is therefore subject to dismissal."); Novak v. Scarborough Alliance Corp., 481 F. Supp. 2d 289, 293-294 (S.D.N.Y. 2007) (granting 12(b)(6) motion with prejudice,

12

holding that, "even assuming, *arguendo*, that Cardone exercised absolute dominion over the defendant corporations, plaintiff's claim against him still must fail, for plaintiff has pleaded no facts supporting an inference that Cardone committed fraud or wrongdoing or acted in a capacity other than his official one as President and Chief Executive Officer of the corporate defendants.").

III.

THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS LAWSUIT

ESSE adopts and incorporates by reference those arguments set forth in the Memorandum of Law In Support Defendants Bureau Veritas S.A.'s and Defendant Bureau Veritas Consumer Products Services, Inc.'s Motion to Dismiss, dated March 6, 2009, which concern lack of subject matter jurisdiction in this matter.

CONCLUSION

For the foregoing reasons, the complaint should be dismissed in its entirety as to ESSE.

Dated: New York, New York
March 6, 2009

                KASOWITZ, BENSON, TORRES
                & FRIEDMAN LLP

                By:   /s/ Daniel P. Goldberg
                      Daniel P. Goldberg
                      *dgoldberg@kasowitz.com*
                      Kristina R. Juntunen
                      David Holahan
                1633 Broadway
                New York, New York 10019
                (212) 506-1700
                (212) 506-1800 (fax)

                Counsel for Eurofins Scientific, S.E.